**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| J. D. LONG, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:11-CV-00294-RWS-SSC |
| | : | |
| v. | : | |
| | : | |
| DANE KIRBY, | : | CIVIL RIGHTS |
| GREG NEWMAN, | : | 42 U.S.C. § 1983 |
| JACK QUEEN, | : | |
| ANN EVANS, | : | |
| UNIDENTIFIED MEDICAL DOCTOR, | : | |
| Defendants. | : | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Now before the Court is Plaintiff's unopposed motion to amend his complaint

to add Michael D. McMunn as the defendant formerly designated as an

unidentified medical doctor. [Doc. 21]. Plaintiff indicates that after consulting

with counsel for Defendants and reviewing documents, he has determined the

following:

> The individual referred to in the initial Complaint as the "unidentified
> doctor" is Michael D. McMunn. He is not a doctor, but is a nurse
> practitioner for Southern Health Partners. Therefore the Complaint
> should be amended to properly list defendant Michael D. McMunn as
> a named Defendant, and the references within the Complaint to
> unidentified doctor should also be amended to read or refer[] to Michael
> D. McMunn as is shown in the Amended complaint attached hereto as
> Exhibit A.

(Doc. 21-1, Pl. Br. at 1-2).

Along with his motion, Plaintiff filed his proposed amended complaint [Docs.

21-2 & 21-3 (Ex. "A" to Doc. 21-1)], substituting McMunn for the person referred

to in the original complaint as the "mystery doctor." (<u>Compare</u>, <u>e.g.</u>, Doc. 1 ¶ 33 <u>with</u> Doc. 21-2 ¶ 33). Plaintiff states that "counsel for the Defendant McMunn has consented to the Amendment," (Doc. 21-1, Pl. Br. at 2), although no written consent has been filed. Defendants Kirby, Newman and Queen filed an amended answer to the proposed amended complaint and included McMunn as a named Defendant in the style of their amended answer. (Doc. 23 at 1). In addition, all parties, including McMunn, filed a joint motion for an extension of the discovery period. (Doc. 31 at 1).

Federal Rule of Civil Procedure 15 allows a party to amend a pleading after the close of the twenty-one-day period set forth in Fed. R. Civ. P. 15(a)(1) "only with the opposing party's written consent or the court's leave" and provides that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Court construes Defendants' answer to Plaintiff's proposed amended complaint and Defendants' joint motion with Plaintiff for an extension of discovery, both of which refer to McMunn as a named Defendant, as their written consent to the inclusion of McMunn as a Defendant in this case. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to amend his complaint [Doc. 21] be **GRANTED** and that the Clerk be directed to substitute Michael D. McMunn for the Unidentified Medical Doctor in the style of this case.

**IT IS SO RECOMMENDED** this 3rd day of May, 2012.

AO 72A
(Rev.8/82)

_Susan S. Cole_

SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)